

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

November 25, 1974

The Honorable Neil Caldwell
Chairman
Appropriations Committee
House of Representatives
P. O. Box 2910
Austin, Texas 78767

Opinion No. H- 456

Re: Questions concerning
salaries of non-faculty
employees of colleges
and universities

Dear Representative Caldwell:

Your opinion request raises the following questions:

> Are non-faculty employees at colleges and
> universities paid from auxiliary enterprise
> funds entitled to the benefits of the salary
> increases provided for in Article IV, Sec-
> tion 46, House Bill No. 139, Chapter 659,
> 63rd Texas Legislature, Regular Session,
> 1973 [The Appropriations Act]?

In the event we should determine that such employees are not entitled
to the benefits provided by Article IV, section 46, you further request
that we decide whether they are properly included as members of the
Teacher Retirement System.

Section 51. 002 of the Texas Education Code provides for the
retention of "control" of certain sums of money collected by the
higher education institutions enumerated in section 51. 001(a). Among
the categories of funds so specified are:

> . . .

> (2) charges for use of rooms and dormitories;

> (3) receipts from meals, cafes and cafeterias;

> . . .

p. 2098

No definition of auxiliary enterprise is contained in the Texas Education Code. We assume for the purposes of this opinion that enterprises generating the type of funds mentioned in section 51.002(a)(2) and (3) are the auxiliary enterprises about which you inquire.

Control over auxiliary enterprise funds, however, is subject to the operation of section 51.006. Attorney General Opinion V-54 (1947). That section provides:

> No part of any of the funds listed in Section 51.002 of this code shall ever be used to increase any salary beyond the sum fixed by the legislature in the general appropriations act, and the provisions of this subchapter are subordinate to the general appropriations act for the support of each institution. (Emphasis added).

It is clear from a review of the authorities in point that the effect of section 51.006 is to make the use of the funds over which institutional "control" is retained subject to the will of the Legislature as expressed in the biennial Appropriation Act. Attorney General Opinions V-715 (1948); V-54 (1947).

Auxiliary enterprise funds, even though generated internally by the operation of the enterprise, are subject to appropriation by the Legislature. Attorney General Opinion V-715 (1948). See also Article IV section 17 of the Appropriation Act of 1973 (reappropriating balances within local institutional funds at the close of fiscal year 1973 and the income to those funds for the fiscal years 1974 and 1975 for continued use by the respective state institutions); Article IV, section 20 (allowing transfers "between items of appropriations . . . regardless of whether said appropriation items are General Revenue or local funds in character . . . "); and Article IV, section 27b (providing for the deposit of local funds other than "Local Income from Educational Activities'[including auxiliary enterprise funds], "for which appropriations are made in [Article IV, Appropriations Act of 1973])." For this reason use regulations imposed by the Appropriations Act upon these funds are a valid exercise of Legislature authority within that Act. Thus, it is clear that the Legislature can control the use to which local (e. g., auxiliary enterprise) funds are put. The answer to your question, then, turns on whether the Legislature did by the Appropriations Act exercise that control with respect to auxiliary enterprise funds.

Article IV, section 46 of the Appropriations Act states:

> NON FACULTY SALARIES.   a.   For the fiscal
> year beginning September 1, 1973, within the limita-
> tion of funds available for salaries and wages of non-
> faculty employees,   the following increases over the
> August 1973 rates shall be provided for non-faculty
> employees effective September 1, 1973:
>
> . . .
>
> b.   For the fiscal year beginning September 1,
> 1974, all non-faculty employees will receive an
> increase of 3.4% over their August 1974 rate.

The section clearly provides that "all non-faculty employees" be given
the raises indicated.   The question presented by your request, then,
ultimately depends upon the meaning ascribed to the phrase "all non-
faculty employees" in the context of the above section.

Neither sections 51.001, et seq., of the Texas Education Code or the
Appropriation Act of 1973 defines the term "non-faculty employees."
However, an examination of the definition given that term by implication
in a closely related part of the Code, is illuminating.

> 'Faculty member' means a person who is employed
> by an institution of higher education on a full time
> basis as a member of the faculty or staff and whose
> duties include teaching, research, administration,
> including professional librarians, or the performance
> of professional services, but does not mean a person
> employed in a position which is in the institution's
> classified personnel system or a person employed in
> a similar type of position if the institution does not
> have a classified personnel system.   Texas Education
> Code, § 51.352(4).   (Emphasis added)

Clearly, auxiliary enterprise personnel are "employed by an institution
of higher education." It is also evident that they do not come within the
definition of "faculty member" as provided in the above section.   We con-
clude from a reading of the specific provisions of section 51.352 in light
of the clear language of the salary increase provision of Article IV, section 46

of the Appropriations Act of 1973, that the Act did not specifically or by implication attempt to distinguish between different groups of non-faculty employees who were granted a raise within the limitations of funds available.

Our affirmative conclusion in response to your first question renders discussion of your second question unnecessary.

### S U M M A R Y

Non-faculty employees at colleges and universities paid from auxiliary enterprise funds are entitled to the benefits of the salary increases provided for in Article IV, section 46 of the Appropriations Act of 1973 within the limitation of funds available.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee